**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV13-1856 VAP(OPx)                    Date:  October 16, 2013

Title:   FELIPE ACOSTA AND ROSARIO ACOSTA V. AMERICAS SERVICING COMPANY, AURORA LOAN SERVICES, US BANK NATIONAL ASSOCIATION, NORTHWEST TRUSTEE SERVICES, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCROP HOLDINGS, AND DOES 1-100
==============================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                          None Present
    Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                                        DEFENDANTS:

    None                                                        None

PROCEEDINGS:     MINUTE ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (IN CHAMBERS)

    The Court has received and considered Plaintiffs' Felipe Acosta and Rosario Acosta's ("Plaintiffs") Ex Parte Application for Temporary Restraining Order ("Application") (Doc. No. 5) filed Friday, October 11, 2013.[1]  Plaintiffs seek to prevent a foreclosure sale on October 17, 2013.  No opposition has yet been received.  The Court DENIES the Application WITHOUT PREJUDICE.

---

    [1]On October 11, 2013, Plaintiffs also filed their Complaint for Damages and Injunctive Relief.  ("Compl.") (Doc. No. 1.).

MINUTES FORM 11                                         Initials of Deputy Clerk __md___
CIVIL -- GEN                                  Page 1

EDCV 09-00252 VAP (OPx)
SAMUEL LOPEZ JR. v KEVIN ELMORE & ASSOCIATES, INC., et al.
MINUTE ORDER of February 24, 2009

## A.     Inadequate Notice to Defendants

First, Plaintiffs have not provided adequate notice of the Ex Parte Application to Defendants.  With respect to applications for ex parte relief, the Local Rules provide:

> It shall be the duty of the [party] so applying (a) to make a good faith effort to advise counsel for all other parties, if known, of the date, time and substance of the proposed ex parte application and (b) to advise the Court in writing of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court.

Local Rule 7-19.1.

In addition, this Court's Standing Order, available on the Court's website, states as follows:
> The moving party shall serve the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed not later than twenty-four hours following such facsimile service. The moving party's declaration in support of an ex parte application shall show compliance with Local Rule 7-19 and this Order, failing which the application shall be DENIED.

Plaintiffs allege that the Defendants in this action "hide" from the public and "make service of process and notice near if not actually impossible by design." (Application at 6.)  The Court is not sympathetic to this argument.  The Declaration of Mark Geyer Regarding Notice of Hearing/ Proof of Service (Ex. 3 to Application) (Doc. No. 5-3) suggests that Plaintiffs were unable to find working facsimile numbers for some, possibly all, of the Defendants.  To the extent Plaintiffs did provide notice by facsimile, the notice provided was deficient.  The notice does not notify the opposing party that opposition papers must be filed no later than twenty-four hours and also does not adequately advise counsel of the substance of the Application.  Accordingly, the Court denies Plaintiffs' Ex Parte Application for this procedural defect.

EDCV 09-00252 VAP (OPx)
SAMUEL LOPEZ JR. v KEVIN ELMORE & ASSOCIATES, INC., et al.
MINUTE ORDER of February 24, 2009

**B.** **Inadequate Showing that Ex Parte Relief Is Necessary**

"Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 493 (S.D. Cal. 1995) (quoting In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (C.D. Cal. 1989)). A party seeking ex parte relief therefore must establish that it "is without fault in creating the crisis that requires ex parte relief." Id. at 492.

Here, Plaintiffs do not make any claim they only recently learned of the foreclosure sale. Plaintiffs purchased the property in 2005, and initially defaulted on their loan in 2008. (Compl. ¶ 3.) Defendants have noticed the property for Trustee's Sale numerous times since January 1, 2013. (Compl. ¶ 8.) Plaintiffs thus knew, or should have known, they could face foreclosure for the past nine months. Instead of filing a duly noticed motion before the foreclosure sale, Plaintiffs apparently waited until now to seek emergency relief. Plaintiffs' Ex Parte Application is denied on this ground as well.

Accordingly, the Court DENIES Plaintiffs' Ex Parte Application

**IT IS SO ORDERED.**