**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-01856-VAP (OPx)                          Date:  October 30, 2013

Title:   FELIPE ACOSTA, AN INDIVIDUAL AND ROSARIO ACOSTA, AN INDIVIDUAL -v- AMERICAS SERVICING COMPANY, ETC., ET AL.
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                                         None Present
        Courtroom Deputy                                      Court Reporter

ATTORNEYS PRESENT FOR                       ATTORNEYS PRESENT FOR
PLAINTIFFS:                                 DEFENDANTS:

        None                                                  None

PROCEEDINGS:      ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION (IN CHAMBERS)

      On October 11, 2013, Plaintiffs Felipe and Rosario Acosta ("Plaintiffs") filed a Complaint for Damages and Injunctive Relief.  ("Complaint" or "Compl.") (Doc. No. 1.)  From the Complaint, it is unclear whether the Court has subject-matter jurisdiction in this action.  For the reasons set forth below, the Court orders Plaintiffs to show cause regarding subject-matter jurisdiction.

      "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." <u>Peralta v. Hispanic Bus., Inc.</u>, 419 F.3d 1064, 1069 (9th Cir. 2005).  The Court has an independent obligation to ensure that its subject-matter jurisdiction has been invoked properly.  Fed. R. Civ. P. 12(h)(3).  A party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all

EDCV 13-01856-VAP (OPx)
FELIPE ACOSTA, et. al. v. AMERICAS SERVICING COMPANY, et. al.
MINUTE ORDER of October 30, 2013

civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id. For the purpose of establishing diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1). A national banking association is a citizen of the state "designated in its articles of association as its main office." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).

Upon review of the Complaint, the Court finds Plaintiffs fail to allege adequately their own citizenship as well as the citizenship of Defendants America's Servicing Company, a wholly owned subsidiary of Wells Fargo Bank, N.A. ("ASC"); Aurora Loan Services ("Aurora"); US Bank National Association ("US Bank"); Northwest Trustee Services ("Northwest"); Mortgage Electronic Registration Systems, Inc, a subsidiary of Merscorp Holdings ("MERS") (collectively, "Defendants"), to invoke diversity jurisdiction under 28 U.S.C. § 1332.

First, Plaintiffs fail to allege their citizenship. Second, Plaintiffs fail to allege the citizenship of all the Defendants. A corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. Plaintiffs allege they "believe" ASC is located in Washington, not qualified to do business in California, and is a subsidiary of Wells Fargo, but fail to allege where ASC is incorporated and its principal place of business. (Compl. ¶ 2.) Plaintiffs allege US Bank is a Minnesota corporation that is not qualified to do business in California, but fail to allege US Bank's principal place of business. (Id.) Plaintiffs allege Northwest is a Washington corporation, but fail to allege Northwest's principal place of business. (Id.) Plaintiffs allege MERS is, as a subsidiary of Merscorp Holdings, an Illinois corporation, but fail to allege MERS' principal place of business. (Id.) Plaintiffs fail to allege Aurora's principal place of business, where Aurora is incorporated, or even if Aurora is still an entity. (Id.) Plaintiffs' allegations are insufficient to allege citizenship for any of the Plaintiffs or Defendants.

**EDCV 13-01856-VAP (OPx)**
FELIPE ACOSTA, et. al. v. AMERICAS SERVICING COMPANY, et. al.
MINUTE ORDER of October 30, 2013

      Finding that the basis of the Court's jurisdiction is unclear, the Court ORDERS Plaintiffs to show cause why this action should not be remanded for lack of subject-matter jurisdiction.  Plaintiffs shall file a response in writing no later than Friday, November 8, 2013.  Failure to respond shall result in dismissal of this action.

      **IT IS SO ORDERED.**